## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |
|---|---|
| ISAIAH J. JONES, ) | |
| ) | |
| Plaintiff, ) | No. 22-175 C |
| ) | |
| v. ) | Filed: March 8, 2022 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Isaiah Jones filed this action against the United States on February 15, 2022. *See* Pl.'s Compl., ECF No. 1. On the same date, he sought leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. *See* Appl. to Proceed *In Forma Pauperis* ("IFP application"), ECF No. 2.

Though difficult to discern, Plaintiff's Complaint contains a litany of allegations against hospitals, doctors, nurses, and local law enforcement officials pertaining to Plaintiff's history of involuntary admissions to hospitals in or around Chicago, Illinois. Plaintiff claims that a "discriminating system [of] past false allegations" arising from "unlawful police stops[] and hold ups," ECF No. 1 at 7, has resulted in at least four involuntary/judicial admissions for psychological evaluation from 2019 through 2021, *id.* at 8. Among other things, he claims emergency room doctors and nurses working for Advocate Health Care system wrongly signed-off on and noted false allegations from records and assessment documents, falsified medical records and certificates of medical necessity, shared his medical information in violation of his privacy rights, improperly prescribed medications (including Haldol) with harmful intent, wrongly diagnosed him, provided

improper treatment causing injury to prior injuries, denied him access to his medical records, and billed for services not rendered and goods not provided. *See, e.g.*, *id.* at 7–9. Other allegations are harder to interpret, including those directed at various ethnic groups and "low budget cartel library workers" who allegedly overcharged and verbally harassed him. *Id.* at 2; *see, e.g.*, *id.* at 3 (alleging he was "taunted by [the] [l]aw enforcement Italian mo[b] and Mexican nurse's cartels family members and their polluted husbands"); *id.* at 4 (describing allegations involving "'middle eastern and Indians who are linked with Mexican majority store workers claiming to be Islamic'").

Plaintiff invokes several legal authorities in support of his claim, including the patient bill of rights under the Mental Health Systems Act, Pub. L. 96-398, 94 Stat. 1564, 1598 (1980) (codified at 42 U.S.C. § 9501); the "Patient Protection Act;" the Health Insurance Portability and Accountability Act (HIPAA), Pub. L. 104-191, 110 Stat. 1936 (Aug. 21, 1996); 42 U.S.C. § 1983; and the Fourth and Fifth Amendments of the U.S. Constitution. *Id.* at 1, 4, 5–6, 9. Plaintiff requests relief from "Advocate Medical Group" in the amount of $2 million for violation of his privacy rights, medical bills, and lost income, as well as relief from hospital bills apparently stemming from his medical and mental health treatment. *Id.* at 12.

Having reviewed the Complaint, the Court finds that Plaintiff's IFP application should be denied and his case dismissed *sua sponte* on the grounds that it is both frivolous and fails to demonstrate subject-matter jurisdiction. Actions filed in forma pauperis are subject to a frivolity review by the Court. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Litigants "whose filing fees and court costs are assumed by the public, unlike a paying litigant, lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint is frivolous if it is without an arguable basis either in law or fact. *See id.* at 325; *Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 422 (2020). Such

complaints include those "based on an indisputably meritless legal theory," *Neitzke*, 490 U.S. at 327, as well as "those in which the factual allegations asserted are so unbelievable that there is no need for an evidentiary hearing to determine their veracity," *Taylor v. United States*, 568 F. App'x 890, 891 (Fed. Cir. 2014); *see Perales v. United States*, 133 Fed. Cl. 417, 418 (2017).

The Court of Federal Claims regularly dismisses cases as frivolous when they are based on fantastic or delusional scenarios. *See Manning v. United States*, 123 Fed. Cl. 679, 684–85 (2015) (plaintiff sought $1 trillion in damages for the alleged theft of his interstellar starship); *Resendez v. United States*, 96 Fed. Cl. 283, 287 (2010) (inmate claimed his incarceration was the result of a conspiracy between the state of Texas and United States law enforcement agents); *McCullough v. United States*, 76 Fed. Cl. 1, 5 (2006) (plaintiff claimed the government implanted a transmitting device into his brain, injected chemical substances into his body, and exposed him to lethal aerosol fumes that produced a mind-altering effect); *Mendes v. United States*, 88 Fed. Cl. 759, 760 (2009) (plaintiff claimed the CIA and FBI used "zealot, fanatical women" with laser beam technology to commit various civil rights offenses).

Here, Plaintiff's case should likewise be dismissed as frivolous because his allegations defy belief and lack legal support. For example, Plaintiff alleges that doctors "wrongfully restrained and enforced . . . a German made foreign substance injection" into his body, which caused "mortal affects acting as [an] animal tranquilizer." ECF No. 1 at 3. Plaintiff accuses various "cartels" of ethnic groups of tampering with his medication and "blacklisting" his cell phone number. *Id.* at 4. And Plaintiff claims that multiple hospitals engaged in a conspiracy to falsify his medical records and inflate his medical bills. *Id.* at 1. As in other cases filed in this court, *supra*, Plaintiff's disjointed allegations are wholly unbelievable and should be dismissed as frivolous. This finding is bolstered by the lack of legal support for Plaintiff's claims. Indeed, another judge of this court

recently dismissed a complaint filed by Plaintiff based on very similar factual allegations and legal grounds, finding that Plaintiff's "vague references to violations of constitutional provisions, statutes, and regulations [failed to] state any nonfrivolous claims." *Jones v. United States*, No. 22-108C, 2022 WL 598661, at *5 (Fed. Cl. Feb. 28, 2022). While the justice system works best when litigants are given the opportunity to be heard, Plaintiff's claims meet the standard of "clearly baseless" on their face and should be dismissed at the outset. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 490 U.S. at 327).

Dismissal is also warranted on a second, independent ground—*i.e.*, lack of subject-matter jurisdiction. The Court is empowered to evaluate subject-matter jurisdiction *sua sponte* and dismiss a case "at any time" if it finds that it is lacking. *See* RCFC 12(h)(3). Although the Court construes Plaintiff's allegations liberally, considering his pro se status, he nonetheless bears the burden of establishing subject-matter jurisdiction. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). He has not met that burden here.

The Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). Derived from the Tucker Act, the Court's jurisdiction extends over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has

been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

In the Court of Federal Claims, "the only proper defendant . . . is the United States." *Stephenson v. United States*, 58 Fed. Cl. 186, 191 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)); *see Winston v. United States*, 465 F. App'x 960, 961 (Fed. Cir. 2012). In other words, "if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588. This limit on the Court's jurisdiction excludes claims where a plaintiff alleges harm by a private individual or entity. *See Edelmann v. United States*, 76 Fed. Cl. 376, 380 (2007); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014); *Potter v. United States*, 124 Fed. Cl. 469, 474–75 (2015). It likewise excludes "claims alleged against states, localities, state and local government entities, or state and local government officials and employees." *Harvey v. United States*, 149 Fed. Cl. 751, 765 (2020) (quoting *Weir v. United States*, 141 Fed. Cl. 169, 177 (2018) (internal quotations omitted)), *aff'd*, 845 F. App'x 923 (Fed. Cir. 2021). Thus, even where the United States is the named defendant, a complaint must be dismissed for lack of subject-matter jurisdiction where the allegations do not involve the United States. *See Fullard v. United States*, 78 Fed. Cl. 294, 301 (2007) ("In sum, because plaintiff's Complaint alleges no substantive claims against the United States, the court does not have jurisdiction to rule on the merits of plaintiff's claims."); *Nat'l City Bank v. United States*, 143 Ct. Cl. 154, 164 (1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained.").

Here, Plaintiff names the United States as the defendant in this case (while also adding "Advocate south suburban hospital/Advocate Illinois Masonic Medical Center" to the caption),

5

ECF No. 1 at 1, but the harm he complains of was allegedly caused by the actions of private healthcare entities and providers, as well as local law enforcement officials. *See, e.g.*, *id.* at 1, 3, 8 (identifying various hospitals in the Advocate Health Care system, the names of specific doctors who provided treatment, and several city police departments including Country Club Hills Police Department). None of the claims involve actions by the United States. Nor does Plaintiff request relief from the United States. *See id.* at 12 (describing his request for monetary damages from Advocate Medical Group). The fact that Plaintiff listed the United States as a defendant and cited several sources of federal law in his Complaint is insufficient to demonstrate the Court's subject-matter jurisdiction. *See May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997) (dismissing landowner's complaint related to local river project, which captioned the United States as the sole defendant, because all substantive allegations were against state and private entities).[1]

For these reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**.

Dated: March 8, 2022    */s/ Kathryn C. Davis*
                        KATHRYN C. DAVIS
                        Judge

---

[1] Even assuming some allegations in the Complaint could be construed as involving the United States, for the reasons persuasively explained in the decision dismissing Plaintiff's concurrent suit, the Complaint does not identify a money-mandating source of substantive rights that would provide a basis for a claim within this Court's jurisdiction. *See Jones*, 2022 WL 598661, at *2–4 (dismissing claims under § 9501, HIPAA, and the Fourth and Fifth Amendments for lack of jurisdiction).